**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terrie Rae TURBIVILLE,**
**Defendant–Appellant.**

**No. 06–30277.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 13, 2006.

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Brad L. Arndorfer, Esq., Billings, MT, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Terri Rae Turbiville appeals the 90–month sentence imposed, after a remand from this court, following her guilty plea to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and manufacturing methamphetamine, in violation 21 U.S.C. § 841(b)(1)(C).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand.

Turbiville first contends the district court erred by not seeking the views of the parties prior to reimposing its original sentence. The government concedes, and we agree, that the district court is required to solicit the views of counsel on an *Ameline* remand. *See United States v. Montgomery,* 462 F.3d 1067, 1072 & n. 3 (9th Cir. 2006).

Turbiville next contends we must address whether there was sufficient evidence to support the district court's finding regarding drug quantity. If Turbiville files an appeal after the district court's resolution of this remand, she may then raise this issue. *See id.* at 1072 n. 4.

**REMANDED.**

1. In Turbiville's prior appeal, we remanded her case in light of *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). *See United States v. Turbiville,* No. 04–30065 (9th Cir. June 22, 2005) (unpublished order and memorandum).